UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SUFFREN ANTOINE,

        Plaintiff,

v.                                                    CASE NO. 2:15-CV-13198
                                                    HON. DENISE PAGE HOOD

PAUL KLEE,

        Defendant.
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

**I.**

This matter is before the Court on Plaintiff Suffren Antoine's *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983. Plaintiff, a state prisoner at the Gus Harrison Correctional Facility in Adrian, names Warden Paul Klee as the defendant in this action and seeks injunctive relief and monetary damages. In his complaint, Plaintiff alleges the following:

> At about 6/15-ongoing Warden P. Klee have deliberately allowed Plaintiff(s) to be at risk of cruel and unusual punishment by prison officials and self Klee have knowledge of control center equipment and or work equipment being loud speaker, intercom, walkie talkie and cameras being improperly used daily to degrade African Americans and or Plaintiff(s), seriously harming morals and dignity and or honor of every individual causing serious harm to Plaintiff(s) health, welfare and safety by saying all African Americans are ignorant should still be slaves stating all black people are inferior to other races causing racist inmate to degrade Plaintiff(s) and or African Americans as well putting Plaintiff(s) at risk of assault by other prisoners which is cruel, senseless, irresponsible....

Complaint, p. 3. Plaintiff asserts violations of his Eighth Amendment right to be free from cruel and unusual punishment and his Fourteenth Amendment right to equal protection.

Having reviewed the complaint, the Court now dismisses it pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim upon which relief may be granted under

42 U.S.C. § 1983. The Court also concludes that an appeal cannot be taken in good faith.

## II.

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 42 U.S.C. § 1997(e)(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A *pro se* civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) and Fed. R. Civ. P. 8(a)(2)). While this notice pleading standard does not require detailed factual allegations, it does require more than the bare assertion of legal conclusions. *Twombly*, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a

formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (quoting *Twombly*, 550 U.S. at 557). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555-56 (citations and footnote omitted).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) he or she was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009); *Brock v. McWherter*, 94 F.3d 242, 244 (6th Cir. 1996). Additionally, a plaintiff must allege that the deprivation of his or her rights was intentional. *Davidson v. Cannon*, 474 U.S. 344, 348 (1986); *Daniels v. Williams*, 474 U.S. 327, 333-36 (1986).

### III.

Plaintiff's complaint is subject to dismissal for several reasons. First, it is vague and conclusory. Plaintiff fails to state with any specificity what prison officials did with their equipment to violate his constitutional rights. He does not identify who committed the allegedly improper acts, what was done and when, or otherwise describe the incident(s) in any detail. It is well-settled that conclusory allegations without material supporting facts are insufficient to state a claim under § 1983. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555-57; *Crawford-El v. Britton*, 523 U.S. 574, 588 (1998); *Moldowan v. City of Warren*, 578 F.3d 351, 390-91 (6th Cir. 2009); *Lanier v. Bryant*, 332 F.3d 999, 1007 (6th Cir. 2003). Plaintiff also presents no facts to show that he was actually

assaulted or injured by fellow inmates. *See, e.g., Thompson v. Mich. Dep't of Corrections*, 25 F. App'x 357, 359 (6th Cir. 2002) (affirming dismissal of complaint where plaintiff's claim that he was endangered by being labeled a snitch was unsupported by allegation of harm); *Wilson v. Yaklich*, 148 F.3d 596, 600-01 (6th Cir. 1998) (plaintiff failed to state an Eighth Amendment claim based upon inmate threats where he alleged no physical injury). Plaintiff's allegations are too vague and conclusory to state a civil rights claim.

Second, to the extent that Plaintiff asserts that he was verbally harassed, he fails to state a claim upon which relief may be granted. Allegations of verbal harassment and threats are insufficient to state a civil rights claim under § 1983. *Ivey v. Wilson*, 832 F.2d 950, 954-55 (6th Cir. 1987). Even verbal threats by a corrections officer to assault an inmate do not violate an inmate's constitutional rights. *Miller v. Wertanen*, 109 F. App'x 64, 65 (6th Cir. 2004); *see also Carney v. Craven*, 40 F. App'x 48, 50 (6th Cir. 2002) (ruling that verbal threats and abuse made in retaliation for filing grievances are not actionable). Plaintiff's allegations of verbal harassment fail to state a claim upon which relief may be granted under § 1983.

Third, Plaintiff does not allege any facts demonstrating Warden Klee's personal involvement in the events giving rise to this action. It is well-settled that a plaintiff must allege the personal involvement of a defendant to state a civil rights claim under 42 U.S.C. § 1983. *See Monell v. Department of Social Svs.*, 436 U.S. 658, 691-92 (1978) (Section 1983 liability cannot be based upon a theory of respondeat superior or vicarious liability); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009) (same); *see also Taylor v. Michigan Dep't of Corrections*, 69 F.3d 716, 727-28 (6th Cir. 1995) (plaintiff must allege facts showing that defendant participated, condoned, encouraged, or knowingly acquiesced in misconduct to establish liability). Plaintiff fails to do so as to Warden Klee. His

complaint must therefore be dismissed.

## IV.

For the reasons stated, the Court concludes that Plaintiff fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983 in his complaint. Accordingly, the Court **DISMISSES WITH PREJUDICE** the civil rights complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). The Court also concludes that an appeal from this order cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

**IT IS SO ORDERED.**

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: February 29, 2016

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 29, 2016, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager